Christopher J. Kondon (SBN 172339)
christopher.kondon@klgates.com
Saman M. Rejali (SBN 274517)
saman.rejali@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard, Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendants LABORATORY CORPORATION OF AMERICA and LABORATORY CORPORATION OF AMERICA HOLDINGS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

CENTRAL DIVISION

ROSELYN N. KAKAI, an individual,

Plaintiff,

vs.

LABORATORY CORPORATION OF AMERICA, a Delaware corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation; and DOES 1 through 25, inclusive,

Defendants.

Case No.: 37-2016-00043420-CU-WT-CTL

**DEFENDANTS LABORATORY CORPORATION OF AMERICA AND LABORATORY CORPORATION OF AMERICA HOLDINGS' ANSWER TO PLAINTIFF ROSELYN N. KAKAI'S UNVERIFIED COMPLAINT**

[Assigned for all purposes to the Hon. Judge Joan M. Lewis, Dept. C-65]

Complaint Filed: December 12, 2016
Trial Date: Not set

Defendants Laboratory Corporation of America and Laboratory Corporation of America Holdings (collectively, "LabCorp" or "Defendants") hereby answer the allegations of Plaintiff Roselyn N. Kakai's unverified Complaint (the "Complaint") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny generally each and every allegation of the Complaint in this action, specifically deny that they have damaged Plaintiff in any amount or manner whatsoever, specifically deny that Plaintiff is entitled to the relief she seeks in her Complaint, including but not limited to damages, costs, and attorneys' fees, and allege the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

As a separate and independent affirmative defense, Defendants allege that each and every cause of action in Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

As a separate and independent affirmative defense, Defendants allege that Plaintiff has failed to make full and proper use of and failed to exhaust her administrative remedies and procedures provided in the California Fair Employment and Housing Act, California Government Code section 12900 *et seq.*

**THIRD AFFIRMATIVE DEFENSE**

(Workers' Compensation Exclusive Remedy)

As a separate and independent affirmative defense, Defendants allege that to the extent Plaintiff seeks damages or makes a claim on account of alleged physical and/or emotional injury arising from her employment or the termination thereof, Plaintiff's exclusive remedy is provided by the California Workers' Compensation Act, California Labor Code section 3600 *et seq.*, which acts as a complete bar to Plaintiff's civil claims.

///

///

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 338, 339, and 340, and California Government Code sections 12960(d) and 12965(a).

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

As a separate and independent affirmative defense, Defendants allege that, due to Plaintiff's tardiness in asserting her purported rights to recover, Plaintiff's claims should be barred by the equitable doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver)

As a separate and independent affirmative defense, Defendants allege that, by reason of her own actions, Plaintiff has waived any right to seek damages pursuant to any purported cause of action stated against Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

As a separate and independent affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

As a separate and independent affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

///

///

///

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

As a separate and independent affirmative defense, Defendants allege that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such damages because, by her own acts and omissions, she has failed to properly mitigate such damages.

**TENTH AFFIRMATIVE DEFENSE**

(No Claim for Damages)

As a separate and independent affirmative defense, Defendants allege that Plaintiff has not sustained any damages as a consequence of the conduct alleged in her Complaint and can state no claim for damages based thereon.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Entitlement to Relief)

As a separate and independent affirmative defense, Defendants allege that Plaintiff is not entitled to be awarded the relief sought against Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

As a separate and independent affirmative defense, Defendants allege that to the extent Plaintiff has incurred any damages, which Defendants expressly deny, such alleged damages were not proximately or legally caused by Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Legitimate Business Reasons)

As a separate and independent affirmative defense, Defendants allege that any acts alleged to be performed by Defendants, if performed at all, are non-actionable and/or privileged because they were taken for legitimate business reasons and not in violation of any law or statute.

///

///

///

**FOURTEENTH AFFIRMATIVE DEFENSE**

(At-Will Employment)

As a separate and independent affirmative defense, Defendants allege that Plaintiff's claims fail because her employment was terminable at the will of either Plaintiff or Defendants under California Labor Code Section 2922.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(No Attorneys' Fees)

As a separate and independent affirmative defense, Defendants allege that Plaintiff can state no claim for attorneys' fees against Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

As a separate and independent affirmative defense, to the extent that Defendants acquired any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Cal. Labor Code §§ 2854 and 2856)

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that Plaintiff's causes of action are barred under California Labor Code Sections 2854 and 2856, respectively, in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Constitutional Limit on Punitive Damages)

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that Plaintiff's claims for punitive damages are barred by the contract clause (Article I, Section 10, clause 1), the due process clause (Fifth

Amendment, Fourteenth Amendment, Section 1), and the excessive fines clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the Constitution of the State of California.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Failure to Support Claim for Punitive Damages)

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that Plaintiff's Complaint fails to state facts sufficient to support a claim for punitive damages against Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Punitive Damages - No Ratification)

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that Plaintiff's claims for punitive damages are barred in whole or in part because even if Defendants' alleged conduct rose to the level of oppression, fraud, or malice, which Defendants deny, such conduct was prohibited by Defendants' policies and was not committed, countenanced, ratified, or approved by an officer, director, or managing agent of Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Utilize Preventative/Corrective Measures; Avoidable Consequences)

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that they took reasonable preventative and corrective measures, including having proper discrimination and harassment policies and complaint procedures in place, that Plaintiff unreasonably failed to utilize the preventative and corrective measures that Defendants provided, and reasonable use by Plaintiff of Defendants' procedures would have prevented at least some of the harm that the Plaintiff alleges she suffered, which allegations Defendants deny, and Plaintiff's alleged damages should be limited or reduced accordingly.

///

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Mixed Motive)

As a separate and independent affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that if Plaintiff is able to prove that both lawful and unlawful factors motivated the employment decision complained of, though Defendants deny any unlawful motivating factors, Defendants assert that they would have taken the same employment action(s) absent the unlawful motivating factor(s).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Not a Qualified Individual with a Disability)

As a separate and independent affirmative defense to Plaintiff's FAC and each purported cause of action therein, Defendants allege that Plaintiff's claim is barred in whole or in part because Plaintiff is not a "qualified individual with a disability" as defined by the Americans with Disabilities Act ("ADA") or the California Fair Employment and Housing Act ("FEHA").

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Major Life Activities)

As a separate and independent affirmative defense to Plaintiff's FAC and each purported cause of action therein, Defendants allege that Plaintiff's claim is barred in whole or in part because Plaintiff is not substantially limited in one or more "major life activities" as defined by the ADA or FEHA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(No Substantial Limitation)

As a separate and independent affirmative defense to Plaintiff's FAC and each purported cause of action therein, Defendants allege that Plaintiff's claim is barred in whole or in part because Plaintiff is not substantially limited in the ability to work in a class or broad range of jobs or occupations.

///

///

///

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Good Cause)

As a separate and independent affirmative defense, Defendants allege that Plaintiff's claims fail because she was terminated for good cause.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Privilege/Justification)

As a separate and independent affirmative defense, Defendants allege that their conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Impermissible Factors)

As a separate and independent affirmative defense, Defendants allege that Plaintiff's claim is barred in whole or in part because even if Defendants were found to have considered any impermissible factors in any decisions or action with respect to Plaintiff, which Defendants deny, no such decisions were motivated by any impermissible factors.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants have insufficient information upon which to form a belief as to whether they may have additional unstated affirmative defenses.  Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates they are appropriate.

WHEREFORE, Defendants request relief as follows:

1. That Plaintiff take nothing by reason of her Complaint and that judgment be entered in favor of Defendants as appropriate;
2. For costs of suit, including reasonable attorneys' fees; and
3. For such other and further relief as the Court may deem proper.

K&L GATES LLP

Dated: January 12, 2017

By: ______________________________

Christopher J. Kondon
Saman M. Rejali

Attorneys for Defendants LABORATORY CORPORATION OF AMERICA and LABORATORY CORPORATION OF AMERICA HOLDINGS